UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-21606-CIV-O'SULLIVAN
[CONSENT]

EMELINA PASTRANA,

    Plaintiff,

v.

CARMEN YOLANDA FOLGAR,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court following a status hearing on October 24, 2011. On May 6, 2011, the plaintiff filed the instant action asserting a federal minium wage claim (Count I) and a negligence claim (Count II). See Complaint (DE# 1, 5/6/11). The parties are not diverse and the Court's jurisdiction was premised on a federal question because Count I was brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

On September 26, 2011, the undersigned held a settlement conference. At the settlement conference, the parties resolved the federal minimum wage claim (Count I) leaving only the state law negligence claim (Count II). See Order Approving Settlement Agreement and Recommending That the Minium Wage Claim Be Dismissed with Prejudice (DE# 23, 9/26/11). The Court adopted the undersigned's Recommendation and dismissed with prejudice Count I of the Complaint. See Order (DE# 24, 9/27/11). The parties subsequently consented to magistrate judge jurisdiction. See Joint Consent to Jurisdiction by a United States Magistrate Judge (DE# 29, 10/7/11). This matter is now pending before the undersigned.

## ANALYSIS

Section 1367(c) states as follows:

(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--

    (1) the claim raises a novel or complex issue of State law,

    (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

    **(3) the district court has dismissed all claims over which it has original jurisdiction,** or

    (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c) (emphasis added). Once all federal claims have been dismissed, a district court may choose not to exercise its supplemental jurisdiction over the remaining state claims. 28 U.S.C. § 1367(c). In determining whether to retain jurisdiction or remand, the Court must weigh the considerations of "economy, convenience, fairness, and comity." Carnegie–Mellon University v. Cohill, 484 U.S. 343, 350 (1988).

These factors weigh in favor of dismissing the instant case. This case is in its early stages. The complaint was filed less than six months ago and the Court has not yet issued a scheduling order. The parties indicate that there has been no discovery on the negligence claim. As the Supreme Court in Carnegie–Melon noted: "'[w]hen the single federal law claim in the action [is] eliminated at an early stage of the litigation, the district court [has] a powerful reason to choose not to continue to exercise jurisdiction.'" Lake County v. NRG/Recovery Group, Inc., 144 F. Supp. 2d 1316, 1320 (M.D. Fla. 2001) (quoting CarnegieMellon, 484 U.S. at 351). Comity also weighs in favor of

dismissal. In adjudicating the plaintiff's remaining state law claim, the Court will be required to examine Florida common law and/or statutory law. Finally, remand will not result in unfairness to the plaintiff. The plaintiff will be able to pursue her claim in state court. For these reasons, the Court will decline to exercise supplemental jurisdiction of the plaintiff's state law negligence claim. Accordingly, the Complaint (DE# 1, 5/6/11) is **DISMISSED** without prejudice. This case is now **CLOSED**.

DONE AND ORDERED in Chambers at Miami, Florida this **24th** day of October, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

copies provided:

All counsel on record